IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETTY J. WALLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12-cv-01244-TFM |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| PATRICK R. DONAHOE, Postmaster General, | ) | |
| AARON THORNE, individually and in his | ) | |
| official capacity, and WILLIAM BATTLES, | ) | |
| individually and in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is Defendants' PARTIAL MOTION TO DISMISS and MOTION TO STRIKE PLAINTIFF'S DEMAND FOR PUNITIVE DAMAGES (ECF No. 11), with brief in support, filed by Defendants United States Postal Service ("Postal Service"), Postmaster General Patrick R. Donahoe ("Postmaster General"), Aaron Thorne, and William Battles. Plaintiff Betty J. Waller filed a response in opposition. The matter is ripe for disposition.

### FACTUAL AND PROCEDURAL BACKGROUND

As the law requires, at this stage of the proceeding all disputed facts and inferences are to be resolved in favor of Plaintiff, the nonmoving party.

Plaintiff, a female, was employed by the United States Postal Service as a sales and services distribution clerk at the post office branch in Swissvale, Pennsylvania. Plaintiff alleges that she was discriminated against based upon her gender by Defendant Thorne, the customer service manager at the Swissvale branch and Plaintiff's immediate supervisor. She further alleges that Defendant Battles, the area manager of the Swissvale branch and the employee

1

responsible for supervising Defendant Thorne, failed to address the purported discriminatory treatment. On September 5, 2012, Plaintiff filed a one-count complaint alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").[1]

Defendants actually raise two separate issues. First, Defendants argue that the Postmaster General, in his official capacity as chief executive officer of the Postal Service, is the only appropriate defendant in this case and, therefore, all other defendants should be dismissed. Second, Defendants argue that the Postal Service is an independent agency of the federal government and is, therefore, exempt from punitive damages under Title VII. Plaintiff has addressed both issues in her response.

## STANDARD OF REVIEW

A motion to dismiss pursuant Rule 12(b)(6) challenges the legal sufficiency of the complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.,* 662 F.3d 212, 220 (3d Cir. 2011), *cert. denied,* –– U.S. ––, 131 S.Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010)). However, as the United States Supreme Court made clear in *Bell Atlantic Corp. v. Twombly,* such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007).

The United States Supreme Court later refined this approach in *Ashcroft v. Iqbal,* and emphasized the requirement that a complaint must state a plausible claim for relief in order to survive a motion to dismiss. 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

---
[1] On January 8, 2013, Defendants filed an answer to Plaintiff's complaint.

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 555). Nevertheless, "the plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 555).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must make a three-step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n. 7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal,* 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* at 130 (quoting *Iqbal,* 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679).

Accordingly, the Court must separate the factual and legal elements of the claim and "accept the factual allegations contained in the Complaint as true, but [ ] disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre,* 700 F.3d 675, 679 (3d Cir. 2012) (citing *Iqbal,* 556 U.S. at 678-79; *Twombly,* 550 U.S. at 555-57; *Burtch,* 662 F.3d at 220-21). The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC*

3

*Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal,* 556 U.S. at 678). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 211 (quoting *Iqbal,* 556 U.S. at 679).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and the requirements of Fed.R.Civ.P. 8 must still be met. *See Phillips v. Co. of Allegheny,* 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). The United States Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231 (citing *Twombly,* 550 U.S. at 553). Rule 8 also still requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal,* 556 U.S. at 677-78 (citing Fed.R.Civ.P. 8(a)(2)). While this standard "does not require 'detailed factual allegations,' [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 679 (quoting *Twombly,* 550 U.S. at 544-45). Simply put, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal,* 556 U.S. at 678-79.

### THE POSTMASTER GENERAL IS THE ONLY PROPER DEFENDANT IN AN EMPLOYMENT DISCRIMINATION CASE AGAINST THE POSTAL SERVICE UNDER TITLE VII

In her complaint, Plaintiff names as defendants: the Postal Service; Postmaster General Donahoe; Customer Service Manager Thorne and Area Manager Battles, in both their individual and official capacities. Defendants move to dismiss the Postal Service and Defendants Thorne and Battles from this case by arguing that Postmaster General Donahoe, in his official capacity, is the only proper defendant. Plaintiff contends that Defendants Thorne and Battles may be held

4

liable under Title VII in their individual capacities.

Title VII forbids workplace discrimination based on race, color, religion, sex, or national origin. *See* 42 U.S.C.A. § 2000e. 42 U.S.C.A. § 2000e-16(a) explicitly extends this protection to employees of the Postal Service and other federal entities. Pertinent to this case, 42 U.S.C.A. § 2000e-16(c) provides that the only proper defendant in a Title VII claim filed by a federal employee is "the head of the department, agency, or unit, as appropriate," in which the alleged discrimination occurred.

Here, Plaintiff asserts, in essence, that: (1) the Postal Service is an independent "agency," (2) Defendant Thorne is the head of a "unit" as the customer service manager of the Postal Service's Swissvale branch, and (3) Defendant Battles is also the head of a "unit" as area manager for said branch. Plaintiff's suggested statutory interpretation has been rejected by the United States Court of Appeals for the Third Circuit. The Postmaster General, in his official capacity as chief executive officer of the Postal Service, is the only proper defendant in this claim. In *Wilson v. Potter*, a non-precedential case involving a similar situation, the United States Court of Appeals for the Third Circuit affirmed the district court's dismissal of the Postal Service and its employees—other than the Postmaster General—when a former employee alleged that the Postal Service, its officials, and others had violated Title VII. 159 Fed. App'x 415, 417 (3d Cir. 2005).

Furthermore, Plaintiff may not assert any claims against Defendants Thorne or Battles in their individual capacities. *See Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1077 (3d Cir. 1996) (holding that there is no individual liability under Title VII). Thus, the Court must also dismiss the claims against Defendants Thorne and Battles in their individual capacities. Accordingly, the Court will grant Defendants' partial motion to dismiss and will remove the

Postal Service, Thorne, and Battles as parties. The caption will be amended accordingly.

### THE POSTAL SERVICE IS A "GOVERNMENT AGENCY" EXEMPT FROM PUNITIVE DAMAGES UNDER TITLE VII

Plaintiff asserts that she is entitled to recover punitive damages. Defendants argue that the Postal Service is immune from exposure to punitive damages, due to its status as a "government agency."

Pursuant to the Civil Rights Act of 1991, a court may impose punitive damages in a Title VII claim against an employer who "engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C.A. § 1981a. Relevant to this case, a court may not impose punitive damages against "a government, government agency or political subdivision" in a Title VII claim. *Id.*

The statutory text of the Postal Reorganization Act of 1970 supports the contention that the Postal Service is a government agency. *See* 39 U.S.C.A. § 201. In that legislation, Congress designated the Postal Service "as an independent establishment of the executive branch ***of the Government of the United States***." *Id.* (emphasis added). Under the plain meaning rule, "[o]ur task is to give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive." *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 570 (1982) (citation omitted) (internal quotation marks omitted). From a plain reading of the law, this Court concludes that Congress intended the Postal Service to be a government agency.

Indeed, Plaintiff admits in her complaint that the Postal Service "is an independent agency of the United States government . . . ." Two courts have determined that the Postal Service is not a government agency for purposes of 42 U.S.C.A. § 1981a. *See Baker v. Runyon*,

922 F. Supp. 1296, 1300 (N.D. Ill. 1996), *rev'd*, 114 F.3d 668 (7th Cir. 1997); *Roy v. Runyon*, 954 F. Supp. 368, 382 (D. Me. 1997). In *Baker*, the United States District Court for the District of Illinois opined that "[i]f Congress had wanted to exempt the Postal Service from punitive damages in the [Civil Rights Act of 1991], it would have mentioned it ***along with*** governmental agencies in the same fashion it did in [42 U.S.C.A.] § 2000e–16(a)."[2] *Baker*, 922 F. Supp. at 1299 (emphasis in original). The United States District Court for the District of Maine agreed, having explained "that Congress could have and would have explicitly exempted the Postal Service from amenability to punitive damages under Title VII had it intended to make the defendant immune from this remedy in connection with discrimination claims." *Roy*, 954 F. Supp. at 383. Notably, the United State Court of Appeals for the Seventh Circuit overturned the district court's decision in *Baker* after examining the historical treatment of the Postal Service and legislative history of 42 U.S.C.A. § 1981a.

Furthermore, the strong majority of "courts have continued to regard the Postal Service as a government agency for the purposes of determining the scope of [its] liability under Title VII." *Cleveland v. Runyon*, 972 F. Supp. 1326, 1330 (D. Nev. 1997) (citing, inter alia, *Newbold v. U.S. Postal Serv.*, 614 F.2d 46, 46 (5th Cir. 1980); *Ausfeldt v. Runyon*, 950 F. Supp. 478, 487-88 (N.D.N.Y. 1997); *Tuers v. Runyon*, 950 F. Supp. 284, 285-86 (E.D. Cal. 1996); *Miller v. Runyon*, 932 F. Supp. 276, 277 (M.D. Ala. 1996)). This Court agrees with the majority and holds that the

---

[2] According to 42 U.S.C.A. § 2000e-16(a):

> All personnel actions affecting employees or applicants for employment (except with regard to aliens employed outside the limits of the United States) in military departments as defined in section 102 of Title 5, in executive agencies as defined in section 105 of Title 5 (including employees and applicants for employment who are paid from nonappropriated funds), in the United States Postal Service and the Postal Regulatory Commission, in those units of the Government of the District of Columbia having positions in the competitive service, and in those units of the judicial branch of the Federal Government having positions in the competitive service, in the Smithsonian Institution, and in the Government Printing Office, the Government Accountability Office, and the Library of Congress shall be made free from any discrimination based on race, color, religion, sex, or national origin.

Postal Service is a government agency for purposes of 42 U.S.C.A. § 1981a. *See also Wade v. Donahoe*, 2012 WL 3844380 (E.D. Pa. Sept. 4, 2012); *Jeffries v. Potter*, 2008 WL 2607856 (D. Del. July 1, 2008); *Crumpton v. Runyon*, 1998 WL 125547 (E.D. Pa. Mar. 19, 1998). Accordingly, Defendants' motion to strike Plaintiff's request for punitive damages will be granted.

## Conclusion

For the reasons hereinabove set forth, Defendants' PARTIAL MOTION TO DISMISS and MOTION TO STRIKE PLAINTIFF'S DEMAND FOR PUNITIVE DAMAGES will both be **GRANTED**. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| BETTY J. WALLER, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12-cv-01244-TFM |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| PATRICK R. DONAHOE, Postmaster General, | ) | |
| AARON THORNE, individually and in his | ) | |
| official capacity, and WILLIAM BATTLES, | ) | |
| individually and in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER OF COURT

**AND NOW,** this 26th day of June, 2013, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED, AND DECREED** that Defendants' PARTIAL MOTION TO DISMISS and MOTION TO STRIKE PLAINTIFF'S DEMAND FOR PUNITIVE DAMAGES (ECF No. 11) are **GRANTED**. The caption is amended as follows:

| BETTY J. WALLER, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12-cv-01244-TFM |
| | ) | |
| PATRICK R. DONAHOE, | ) | |
| United States Postmaster General, | ) | |
| in his official capacity, | ) | |
| | ) | |
| Defendant. | ) | |

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge